## CORE, Curator, *v.* CORSE and CONNIFF.

A cause will not be remanded for a new trial, at the instance of defendant, to enable him to have his call in warranty acted on by the Judge. He should have asked for a finding on the issues between himself and warrantor, before the verdict was recorded, and the jury discharged.

APPEAL from the Second District Court of New Orleans, *Lea,* J. *R. H. Barker,* for plaintiff. *Race & Foster,* for defendants and appellants. *Dugué* and *Janin,* for warrantor.

BUCHANAN, J. This is an hypothecary action. The defendant, *Conniff,* third possessor of the property affected by plaintiff's mortgage, has called in warranty his vendor, *Corse,* and also the Recorder of Mortgages of the parish of Jefferson.

There does not appear to be any complaint of the judgment in favor of plaintiffs, which is unquestionably correct under the evidence. But the appellant asks that the case should be remanded for a new trial, because the jury

did not pass upon his call in warranty of *Corse*. The cause was tried, and the verdict was rendered in the presence of all parties. It was the business of the appellant to see that the jury passed upon his calling in warranty. This was an issue between himself and his warrantor. Had he desired to have a special finding of the jury thereupon, he should have asked for it before the verdict was recorded and the jury discharged. His neglect to do so, cannot prejudice the plaintiffs, who were not bound to protect his interests. *Theriot* v. *Henderson*, 6 Ann. 223. It is proper to observe, that *Corse* is not made a party to this appeal, and consequently we could not modify or change the judgment to his prejudice. After the verdict rendered upon the plaintiff's claim against *Conniff*, there was another verdict entered up upon one of *Conniff's* calls in warranty, that against *Arnoult*, the Recorder. The appellant complains of the rejection of certain evidence offered by him against the Recorder. But it is unnecessary to examine this point, inasmuch as the Recorder is not a party to this appeal, either by bond or citation.

Judgment affirmed, with costs in both courts.